UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVE THOMAS, as Guardian ad Litem on behalf of JONATHAN THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.<br><br>Defendants. | Case No.: 3:15-cv-02232-L-AGS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION [Doc. 25] FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

Pending before the Court is Plaintiff's motion for leave to file an amended complaint. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Plaintiff's motion.

//
//
//
//
//
//

1

I.  **BACKGROUND**

This litigation arises from a young man named Jonathan Thomas ("Thomas") attempting suicide by jumping off an upper tier of an inmate housing unit. Thomas has suffered from a variety of mental disorders throughout his life. He has been diagnosed with epilepsy, mania, depression, and schizophrenia. As a result of his disorders, Thomas has experienced hallucinations and delusions on a daily basis and has attempted suicide on multiple occasions. Such troubles led Thomas' father Dave to conclude that Thomas required the constant observation of mental health professionals. Accordingly his father checked him into a home that provided twenty hour monitoring and therapy.

A few months after admission, Thomas attempted to set a small couch on fire inside of the psychiatric home. He was subsequently arrested for arson of an inhabited structure and sent to George Bailey Detention Center to await sentencing. While at George Bailey, Thomas jumped off of the second tier of his housing unit and suffered significant injury. After healing, Thomas pled guilty to arson of an inhabited structure and received a sentence of three years. Two years into his sentence, Thomas was transferred to a mental health institution because the authorities found that, as a result of his mental disorders, Thomas represented a substantial danger of physical harm to others. Jonathan's commitment to the mental institution was involuntarily extended for a period of one year on two occasions.

In October of 2014, Jonathan was transferred to San Diego Central Jail (the "Jail") to await a routine court hearing before the San Diego Superior Court. The Jail staff decided to house Thomas on an upper tier of a housing area comparable in supervision levels to conditions in general population.

On October 6, 2015, Thomas' father filed a complaint on behalf of his son against the County of San Diego, Dr. Alfred Joshua–the San Diego Chief Medical Officer for the Sheriff's Detention Services, and William D. Gore–the Sheriff of San Diego County. The Complaint alleges claims under 42 U.S.C. § 1983 for cruel and unusual punishment against all Defendants and negligence against Defendants Alfred Joshua and William D.

Gore. (See Compl.) Defendants moved for dismissal of all claims against them. (See MTD.) The Court denied in part Defendants' motion. (See May 4, 2016 [Doc. 9].) Plaintiff now moves for leave to file an amended complaint adding Jail employed nurses Larry Deguzman, Mary Montelibano, and Marylene Allen; doctors Rick Leigh Malaguti and Naranjo; Deputy David Guzman; and Public Defender Connie Magana. As to Connie Magana, Plaintiff alleges that she failed to communicate to the Jail that Thomas was suicidal. As to the others, Plaintiff argues that recently produced discovery shows they failed to properly classify Thomas, and, as a result, Thomas did not receive the housing assignment or psychiatric care that could have prevented his suicide attempt. Defendants oppose plaintiffs request to amend. (See Opp'n [Doc. 27].)

I. **LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading has been served, a party may amend its complaint only with leave of court, and leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Industries, Inc.,* 91 F.3d 1326, 1331 (9th Cir. 1996). Although the rule should be interpreted with extreme liberality, leave to amend is not to be granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citations omitted). Five factors are taken into account to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

//
//
//
//
//

## II. DISCUSSION

Defendants argue the motion to amend should be denied because the proposed amendments are time barred and therefore futile. There appears to be no dispute that the amendments would be time barred if they do not relate back to the filing of the Complaint. Under California's "DOE" pleading doctrine, if a Plaintiff includes fictitious defendants in his complaint, but does not learn of facts giving rise to a claim against them until after filing, any amendment made within three years of filing relates back to the time of filing for purposes of the statute of limitations. *Optical Surplus, Inc. v. Superior Court*, 228 Cal. App. 3d 776, 783 (1991). The Ninth Circuit has endorsed this practice of DOE pleading in the context of 42 U.S.C. § 1983 and California state law claims. *Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 799–802 (9th Cir. 1986); *Kreines v. United States*, 959 F.2d 834, 837 (9th Cir. 1992).

Defendants contend the DOE doctrine of relation back is unavailable here because Plaintiff knew of the facts giving rise to claims against these putative defendants before filing his complaint. (Opp'n 1:20–4:3.) In support of this argument, Defendants present various documents Plaintiff possessed before filing. They include (1) a medical intake form prepared by Nurse Allen, (2) a medical questionnaire filled out by Nurse Montelibano; (3) a medical chart filled out by Nurse Deguzman; (4) a medical chart listing Dr. Narano as a provider; (5) a medical chart detailing a psychiatric exam conducted by Dr. Malaguti.[1]

Plaintiff concedes he was aware of the identities of all the putative defendants at time of filing. However, Plaintiff contests that he was aware of specific facts giving rise to claims against them until he received and reviewed discovery produced in February 2017. Plaintiff contends this discovery showed that, because Thomas was a documented

---

[1] The Court notes that Defendant also submits Fed. R. Civ. P. 26 initial disclosures identifying the three unnamed defendants who worked as nurses. Because these disclosures occurred long after the filing of the Complaint, the Court finds that they carry little relevance as to what Plaintiff knew before he filed his Complaint.

suicidal-psychiatric inmate, Jail policy required Thomas' placement on a "Suicide Precaution" status. Had Thomas been placed on Suicide Precaution status, Plaintiff argues (1) he would have received daily psychiatric counseling sessions and (2) he would have been assigned to a high observation cell where he would not have had access to a top tier platform from which he could jump. Furthermore, Plaintiff argues that each putative defendant other than Connie Magana had the ability to place Thomas on Suicide Precaution but failed to do so, thus increasing the chances that Thomas might successfully try to harm himself.

After reviewing all of the evidence submitted by Defendant, the Court is not convinced that Plaintiff was aware of the facts giving rise to these claims against these employees before filing. From the record before the Court, it appears that Plaintiff did not learn until February of 2017 of the Suicide Precautions policy or these specific employees' role in the Jail's failure to place Thomas on Suicide Precautions. Accordingly, the Court finds that Plaintiff's proposed amendment as to these putative defendants relates back to the time of filing under the DOE pleading doctrine.

So too does the proposed amendment as to Connie Magana, the public defender. The fact giving rise to a potential claim against her is her alleged failure to contact the Jail and notify Jail staff of Thomas' suicidal ideations. Plaintiff was under the impression that she had contacted the Jail until he received discovery in February 2017. The lack of any mention in this discovery of a call placed by Ms. Magana to the Jail led Plaintiff to conclude that she might not have told the truth when she originally told him she had contacted the jail.

Next, Defendants accurately contend that a public defender is not considered a state actor for purposes of 42 U.S.C. § 1983 "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). However, *Dodson* left open the possibility that a public defender could be liable for "certain administrative and possibly investigative functions." *Id.* at 325. There is a near complete lack of briefing from either party as to whether Ms.

Magana's alleged failure to inform the Jail of her client's suicidal tendencies involved "[Magana's] traditional functions as counsel to a defendant in a criminal proceeding" or instead involved the "certain administrative … functions" of a public defender that the Supreme Court in *Dodson* held could possibly implicate § 1983. Accordingly, the Court declines to decide the issue on the present motion. This decision is not prejudicial to Defendants' ability to raise the issue on a subsequent motion to dismiss.

Lastly, Defendants argue that, even if the DOE pleading doctrine allowed relation back, the negligence claim is barred by the claim filing requirements of the California Tort Claims Act ("CTCA"), Cal. Gov. Code §§ 900 *et seq*. More specifically, Defendants argue that because Plaintiff never filed a claim against any of the putative defendants, the CTCA bars such a claim now. This argument is based on a flawed interpretation of the CTCA. The CTCA requires only presentation of a claim to the public entity—*not to the public entity's employees*. *Julian v. City of San Diego*, 183 Cal. App. 3d 169, 175 (1986). Here, Plaintiff alleges he did present a claim to the County. (Compl. ¶ 28.) By doing so, Plaintiff satisfied the claim presentation requirement of the CTCA.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint. Plaintiff may file the amended complaint currently lodged as Doc. 25. Ex. 1.

**IT IS SO ORDERED.**

Dated: April 20, 2017

_____
Hon. M. James Lorenz
United States District Judge