UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVE THOMAS, as Guardian ad Litem on behalf of JONATHAN THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 3:15-cv-02232-L-AGS<br><br>**ORDER DENYING DEFENDANTS' MOTION [Doc. 78] FOR RECONSIDERATION** |

Pending before the Court is Defendants Marylene Allen, Larry Deguzman, Mary Montelibano, and David Guzman's (collectively "Defendants") motion for reconsideration of the denial [Doc. 74] of their Fed. R. Civ. P. 12(b)(6) motion [Doc. 58] to dismiss the claims against them. The parties are well aware of the facts of this case, which were discussed in the Court's previous Order. (Order [Doc. 74] 2:1–4:3.) By way of background, Jonathan Thomas ("Thomas") is a person who has suffered from a variety of mental disorders and attempted suicide three times by jumping off the upper tier of an inmate housing area. Thomas' father Dave ("Plaintiff")[1] has adequately alleged that

---

[1] Dave Thomas is suing as guardian ad litem on behalf of his son.

1

Defendants were aware of or certainly should have been aware of Thomas' suicidal tendencies and the seemingly substantial risk presented by housing him in an upper tier under low supervision levels. Nevertheless, Plaintiff alleges that each of the moving defendants approved Thomas for housing on an upper tier under low supervision levels. Accordingly, the Court denied Defendants' motion to dismiss the first and fifth causes of action against them, respectively alleging deliberate indifference in violation of 42 U.S.C. § 1983 and negligence. (Order.) Defendants now move for reconsideration of this denial.

A district court has the power to reconsider and amend a previous order. See Fed. R. Civ P. 59(e). However, a district court generally should not grant a motion for reconsideration unless (1) the moving party presents newly discovered evidence, (2) there is an intervening change in the controlling law or (3) the original ruling was clearly erroneous. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Here, none of these bases for granting a motion for reconsideration are present. Defendants have not presented any newly discovered evidence nor cited to authority showing an intervening change in controlling law. Nor have Defendants presented any new or colorable arguments as why the Court's decision was clearly erroneous. Rather, Defendants simply repeat the same arguments the Court has already considered and rejected in the course of ruling upon Defendants' earlier motion to dismiss. The Court declines to repeat the same analyses and instead refers Defendants to the previous Order. (See Order.)

Defendants also seek clarification as to whether the Court made findings of fact that are binding as law of the case. The answer is no. As explained in the Court's previous order, Defendants' motion was a Fed. R. Civ. P. 12(b)(6) motion. (Order 4:5–22.) In ruling upon Defendants' Rule 12(b)(6) motion, the Court properly assumed all of Plaintiff's allegations to be true and construed them in favor of Plaintiff. (Id.) Such a ruling certainly does not foreclose a defendant from presenting evidence at later stages of the litigation that disputes the accuracy of a plaintiff's allegations. Nor did the Court

hold that Defendants' cannot reassert their qualified immunity argument at a later stage with the benefit of an evidentiary record. Rather, the Court simply held that, based on the allegations contained in the First Amended Complaint, Defendants are not entitled to qualified immunity at the pleadings stage.

For the foregoing reasons, the Court **DENIES** Defendants' motion for reconsideration.

**IT IS SO ORDERED.**

Dated: September 27, 2017

_____
Hon. M. James Lorenz
United States District Judge